MOSES BERLINROOD, Judgment Creditor, *v.* JACK OWITZ, Judgment Debtor.

Supreme Court, Special Term, New York County, January 26, 1949.

*Nathan Lewis* for judgment creditor.

*Meyer Schwartz* for judgment debtor.

PECORA, J. Motion to direct the clerk of New York County to cancel of record a transcript of a judgment, to vacate an order directing the issuance of an execution against the wages and salary of the judgment debtor and to restrain the judgment creditor and his alleged attorney from proceeding upon the transcript of judgment or issuing execution thereon, is in all respects granted. A judgment was recovered in the Municipal Court in January, 1932, for $100.14 after service by substituted service and default by the defendant. No steps were taken to enforce the judgment for more than fifteen years until a garnishee order was issued in this court in November, 1948, after filing a transcript of the judgment. The movant claims he was never served with process and knew nothing about the default judgment. Further he denies owing the judgment creditor any money. It now appears that the judgment creditor died in 1939, and no legal representatives were appointed for him. A son of the judgment creditor is attempting to collect on the judgment. He has shown no legal authority to collect the judgment or to employ an attorney to act for the deceased judgment creditor. More than five years elapsed from the death of the judgment creditor to the time of the issuance of the garnishee execution. Apart from the other considerations the lapse of such time prevents the issuance of the execution after the death of the judgment creditor. (See Civ. Prac. Act, § 654.)

Since the judgment debtor cannot proceed to vacate the judgment in the Municipal Court because there is no legal representative of the judgment creditor upon whom papers could be served for that purpose, the procedure adopted here is proper. (*National School of Visual Education* v. *Brown*, 69 N. Y. S. 2d 20.)

Settle order.